UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NATALI DIAZ,
ANA TERESA MUNOZ,
DEANNA MARIE JOHNSON,
GREGORY BRUCE RAPP,

       Plaintiffs,

v.

ACCESS HEALTH INSURANCE, INC.
D/B/A JIBEHEALTH, PEDRO COLON,
GEORGE THEODORE, SHANE MCINTYRE,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

    Plaintiffs, NATALI DIAZ, ANA TERESA MUNOZ, DEANNA MARIE JOHNSON, and GREGORY BRUCE RAPP, bring this action against Defendants, ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH, PEDRO COLON, GEORGE THEODORE, and SHANE MCINTYRE, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     At all times material hereto, Plaintiffs, NATALI DIAZ, ANA TERESA MUNOZ, and DEANNA MARIE JOHNSON, and GREGORY BRUCE RAPP, were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3.     At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through interstate telephonic communications.

4. At all times material hereto, Defendant, ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of Health Insurance, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, PEDRO COLON, is a resident of Palm Beach County, Florida and, at all times material hereto, was the managing agent, director and/or owner of ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH; said Defendant acted and acts directly in the interests of ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH in relation to ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH's employees, exercised operational control over ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH, and directed and controlled the work and employment of Plaintiff. Defendant effectively dominates ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH administratively and otherwise acts on behalf of the corporation relative its employees and had the authority to direct and control the work of others. Thus, PEDRO COLON was and is an "employer" of Plaintiffs within the meaning of 29 U.S.C. §203(d).

6. Defendant, GEORGE THEODORE, is a resident of Palm Beach County, Florida and, at all times material hereto, was the managing agent, director and/or owner of ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH; said Defendant acted and acts directly in the interests of ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH in relation to ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH's employees, exercised operational control over ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH, and

directed and controlled the work and employment of Plaintiff. Defendant effectively dominates ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH administratively and otherwise acts on behalf of the corporation relative its employees and had the authority to direct and control the work of others. Thus, GEORGE THEODORE was and is an "employer" of Plaintiffs within the meaning of 29 U.S.C. §203(d).

7. Defendant, SHANE MCINTYRE, is a resident of Palm Beach County, Florida and, at all times material hereto, was the managing agent, director and/or owner of ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH; said Defendant acted and acts directly in the interests of ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH in relation to ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH's employees, exercised operational control over ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH, and directed and controlled the work and employment of Plaintiff. Defendant effectively dominates ACCESS HEALTH INSURANCE, INC. D/B/A JIBEHEALTH administratively and otherwise acts on behalf of the corporation relative its employees and had the authority to direct and control the work of others. Thus, SHANE MCINTYRE was and is an "employer" of Plaintiffs within the meaning of 29 U.S.C. §203(d).

8. In justifiable reliance upon Defendants' representations and promises, Plaintiffs NATALI DIAZ and ANA TERESA MUNOZ accepted employment and worked for Defendants as customer service agents.

9. In justifiable reliance upon Defendants' representations and promises, Plaintiffs DEANNA MARIE JOHNSON, and GREGORY BRUCE RAPP accepted employment and worked for Defendants as insurance agents.

10.     During Plaintiffs' employments, Defendants did not pay Plaintiff NATALI DIAZ, ANA TERESA MUNOZ, nor DEANNA MARIE JOHNSON the full and proper minimum wages as required by the FLSA for all the hours that Plaintiffs performed work each week.

11.     During Plaintiffs' employment, Defendants did not pay Plaintiffs the full and proper overtime wages of 1.5 times their "regular rate" per hour for all hours worked over 40 each week.

12.     The records, if any, concerning the date ranges of Plaintiffs' employments, the number of hours Plaintiffs actually worked, and the compensation actually paid to Plaintiffs are in the possession and/or control of Defendants; however, Plaintiffs have attached statements of claims as <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u> to provide initial estimates of the damages. These amounts may change as Plaintiffs engage in the discovery process.

13.     Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages.

14.     Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

15.     Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

16. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

17. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

18. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

Elliot Kozolchyk, Esquire
Bar No.: 74791