**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 16CV80851-Middlebrooks/Brannon

NATALIE DIAZ, ANA TERESA MUNOZ,
DEANNA MARIE JOHNSON, GREGORY
BRUCE RAPP,

      Plaintiffs,

vs.

ACCESS HEALTH INSURANCE, INC. D/B/A
JIBEHEALTH, PEDRO COLON, GEORGE
THEODORE and SHANE MCINTYRE,

      Defendants.
_____/

## **DEFENDANT'S MOTION FOR RULE 11 SANCTIONS**

Pursuant to Federal Rule of Civil Procedure 11, Defendants, Access Health Insurance, Inc. D/B/A Jibehealth, Pedro Colon, George Theodore and Shane Mcintyre ("Access"), request that the Court impose Rule 11 sanctions for the filing of a frivolous claim. The grounds for this Motion are as follows:

Rule 11 imposes an obligation to "make a reasonable inquiry to both the legal and factual basis of a claim …" *Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1255 (11th Cir. 1996). And, when the obligation is ignored and a party or attorney signs, files, and refuses to withdraw a pleading that (1) has no reasonable factual basis; (2) is based on the legal theory that it has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing laws; or (3) is filed in bad faith for an improper purpose, Rule 11 empowers the courts to impose sanctions. Fed. R. Civ. P. 11(c); *see also, Anderson v. Smithfield Foods, Inc.,* 353 F.3d 912, 915 (11th Cir. 2003); *Riccard v. Prudential Ins. Co.,* 307, F.3d 1277, 1294 (11th Cir. 2002). In guiding the district court's analysis of motions for sanctions pursuant to Rule 11, the Eleventh

Circuit developed a two-step inquiry which examines (1) whether the claims are objectively frivolous and (2) whether the person who signed the pleadings should have been aware that the claims were frivolous. *See, Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998). The inquiry is an objective standard for assessing conduct where a stated position is reviewed for "reasonableness under the circumstances" and "what was reasonable to believe at the time" the representation to the court was made. *Aetna Ins. Co. v. Meeker,* 953 F.2d 1328, 1331 (11th Cir. 1992); *Donaldson v. Clark,* 819 F.2d 155, 156 (11th Cir. 1987). Courts determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified. *Kaplan v. Daimler Chrysler,* 331 F.3d 1251, 1255 (11th Cir. 2003).

Sanctions may be imposed against the parties, attorneys and law firms. *In re Evergreen Sec., Ltd.,* 381 B.R. 407, 414 (Bankr. M.D. Fla. 2007); Fed. R. Bankr. P. 9011(c).

Plaintiff's attorney was contacted by the undersigned as counsel for Defendants and the two spoke regarding Plaintiffs' claim. Specifically, Defendants' counsel asked Plaintiffs' attorney three times to articulate the basis for Plaintiffs' damages and each time Plaintiffs' attorney refused. Moreover, as set forth in Defendants' Answer, the damages which Plaintiffs seek are predicated on the erroneous and rather spurious notion that a number of Plaintiffs are presumed to have worked 74 hours a week, over and over again. Simply, Plaintiffs' attorney filed the present claim without any reasonable basis for liability and damages and has since refused to acknowledge records of payments to Plaintiffs which demonstratively show that Plaintiffs have suffered no harm.

Defendants' counsel conferred with Plaintiffs' counsel approximately mid-September, 2016, and gave Plaintiffs' counsel ample time to withdraw the Complaint. Notwithstanding, Plaintiffs and their counsel made a conscious decision to proceed with the Complaint as originally drafted.

## CONCLUSION

Therefore, based upon the foregoing, Defendants request the imposition of Rule 11 sanctions upon Plaintiffs and their attorney.

Dated: October 5, 2016

Respectfully submitted,

_s/Todd A. Zuckerbrod_
Todd A. Zuckerbrod, Esq.
FL Bar # 0573337

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court and via CM/ECF on this 5th day of October, 2016. I also certify that a true and correct copy of the foregoing is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF, to: Elliot Kozolchyk, Esq., Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, FL 33316 FNB#:74791 ekoz@kozlawfirm.com.

BY: *s/Todd A. Zuckerbrod*
TODD A. ZUCKERBROD ESQ.
TODD A. ZUCKERBROD, P.A.
Florida Bar 573337
40 SE 5th Street, Suite 400
Boca Raton, Florida 33432
Telephone: (561) 544-8144
Facsimile: (561) 544-1101
E-Mail: tz@tzbrokerlaw.com
fd@tzbrokerlaw.com