UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 16-cv-80851-MIDDLEBROOKS

NATALIE DIAZ, ANA TERESA MUNOZ,
DEANNA MARIE JOHNSON, and GREGORY
BRUCE RAPP,

      Plaintiffs,

v.

ACCESS HEALTH INSURANCE, INC., d/b/a
JIBEHEALTH, PEDRO COLON, GEORGE
THEODORE, and SHANE MCINTYRE,

      Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

THIS CAUSE comes before the Court upon Defendants' Motion for Rule 11 Sanctions ("Motion"), filed on October 5, 2016. (DE 21). Plaintiffs initiated this case by filing a Complaint on May 29, 2015. (DE 1). Defendants Access Health Insurance, Inc., d/b/a Jibehealth, Pedro Colon, Shane McIntyre, and George Theodore (collectively, "Defendants") filed a belated Answer on September 21, 2016 (DE 19), which the Court accepted as a responsive pleading by separate Order.

In the instant Motion, Defendants assert that sanctions against Plaintiffs' counsel pursuant to Fed. R. Civ. P. 11(b) are appropriate because counsel, during informal discussions with Defendants' attorney, allegedly refused to "articulate the basis for Plaintiffs' damages" and because Defendants' Answer disputes the number of hours that the Complaint alleges Plaintiffs worked. (DE 21 at 2).

Having reviewed the Motion and the record, the Court finds no basis for imposing sanctions under Rule 11. The asserted grounds are woefully inadequate to support such measures. Defendants correctly state the two-part standard for determining whether an attorney should know that a cause of action is objectively frivolous. Courts first examine the antecedent question of whether a claim is objectively frivolous and, if so, move to whether the attorney who presented the claim should have been aware of its frivolousness. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The objective prong can be satisfied by a showing that the claim (1) has no "reasonable factual basis," (2) that it is "based on a legal theory that has no reasonable chance of success," or (3) that the suit was filed "in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

In this case, Defendants dispute only the factual basis of the Complaint. (DE 21 at 2). Plaintiffs allege that, under the FLSA, Defendants did not pay them overtime wages for all hours worked. (DE 1 ¶ 11). They attach individual statement of claims asserting damages due to each Plaintiff. (*Id.* at ¶ 12 & Ex. 3-6). Defendants propose competing facts.[1] So far, this amounts only to a factual disagreement, which may be fleshed out through discovery. Defendants might wish to question whether Plaintiffs have adequately pled their claims under Fed. R. Civ. P. 12(b)(6), but they cannot use a Rule 11 motion to circumvent that inquiry. Without a judicial finding that Plaintiffs have not alleged plausible facts, Defendants are foreclosed from arguing that this case's factual grounds were objectively frivolous. *See Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (since courts do not act as "factfinders" on Rule 11 motions, they cannot impose sanctions without having previously made the requisite factual findings). Moreover, even were the factual grounds found objectively frivolous, Defendants advance no serious

---

[1] The Court notes, however, that Defendants' Answer references a factual record styled as "Exhibit A," which was not attached thereto and appears nowhere on the docket. (DE 19 at 2).

arguments that Plaintiffs' attorney was or should have been aware of the lack of merit in his clients' claims. Defendants imply only that because Plaintiffs' counsel, during informal discussions, did not elaborate on the basis for damages, he must have known that the basis was non-existent. (DE 21 at 2). However, Defendants cite no authority for the proposition that an attorney's silence in the face of informal solicitations for information constitutes bad faith. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion for Rule 11 Sanctions (DE 21) is **DENIED**.

**SO ORDERED** in Chambers at West Palm Beach, Florida, this 12 day of October, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record